IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH THOMAS, JR., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:10-CV-0395-N |
| | § | |
| CITY OF DALLAS, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge for findings, conclusions and recommendation. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case: This is a *pro se* civil action brought pursuant to 42 U.S.C. §§ 1981 and 1983, and under state law for "tortious dereliction of duty" and gross negligence.

    Parties: Plaintiff is a resident of Mesquite, Texas. Defendants are the City of Dallas, the Dallas Police Department Youth Division, and the United States Attorney General. No process has been issued in this case pending preliminary screening.

    Statement of the Case: Plaintiff filed this action complaining of due process violations and negligence by the Dallas Police Department in connection with loss of custody over his daughter, Savon Ashnti Thomas. He explains that on March 20, 1998, a Dallas County District Court appointed Plaintiff as managing conservator of Savon. Despite this court order, Kim Kaye Daugherty (the mother) removed Savon from the State of Texas and fled with her from state to

state. Plaintiff filed a police report on March 30, 1998. The Dallas Police Department, however, took no action. On March 6, 2000, Plaintiff requested authorization to use the Federal Parent Location Service (FPLS), which the presiding judge allegedly signed and granted. According to Plaintiff, the Dallas Police Department again failed to take any action. After locating Daugherty on his own in the State of Georgia, Plaintiff requested that Savon's name "be placed into [the] NCIC," to no avail. Within two days Savon's name was removed from the database without notice to Plaintiff. In the meanwhile, a Georgia state court granted Daugherty sole custody of Savon.

Plaintiff alleges a violation of his due process rights under the Fourteenth Amendment as a result of the Dallas Police Department's repeated failures to act. In addition, he alleges "tortious dereliction of duty" and negligence under Texas state law. Plaintiff seeks compensatory and punitive damages, and attorneys fees.[1]

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court. That section reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[1] Plaintiff also seeks to bring a claim under 28 U.S.C. § 1738A. (*See* Complaint at 4.) However, no provision of § 1738A confers a basis for a federal cause of action. *See Thompson v. Thompson,* 484 U.S. 174, 182-83, 108 S.Ct. 513 (1988).

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989).

Plaintiff's complaint is time barred.  More than two years have elapsed since the events giving rise to the claims at issue occurred.  *See Owens v. Okure*, 488 U.S. 235, 249-50, 109 S. Ct. 573 (1989); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (§ 1983 actions in Texas are governed by the two-year personal injury limitations period; court can raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions); *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) (§§ 1981, 1985, and 1988 actions are governed by the same two-year limitations period); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2010). Plaintiff concedes that each of the named Defendants acted or failed to act between March 20, 1998, and January 2003.  (*See* Complaint at 2-4).  Accordingly, Plaintiff's §§ 1981 and 1983 claims clearly lack an arguable basis in law and should be dismissed as frivolous.

Since the complaint does not present a sufficient basis for federal question jurisdiction, the court cannot exercise supplemental jurisdiction over Plaintiff's state law claims.  *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").  Even assuming jurisdiction, it is unlikely that any state claim would survive the applicable statute of limitations.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED with prejudice as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Signed this 6th day of April, 2010.

*Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.